UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEANDRE MORROW,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT POLICE DEPARTMENT; OFFICER THOMPSON, ID #606,<br><br>Defendants. | Case No.: 2:20-cv-02264-JAD-EJY<br><br>**ORDER<br>and<br>REPORT AND RECOMMENDATION**<br><br>RE: ECF No. 1-1 |

Pending before the Court is Plaintiff's *in forma pauperis* application (ECF No. 1) together with his Complaint alleging a violation of Title VII of the 1964 Civil Rights Act.

**I.    *In Forma Pauperis* Application**

Plaintiff filed a complete application to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for the same. ECF No. 1. Accordingly, the request to proceed *in forma pauperis* is granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In his Complaint, Plaintiff claims he was racially profiled by Clark County School District Police when he was stopped for alleged traffic violations. However, Title VII of the 1964 Civil Rights Act allows *employees* to sue *employers* for violation of certain rights protected by the statute. *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883-84 (9th Cir. 1980) (in order for Title VII protections to apply, "there must be some connection with an employment relationship"). Here, no matter how liberally construed, Plaintiff's Complaint fails to state a legally cognizable claim as neither the Clark County School District Police Department nor Officer Thompson is alleged to have any employment relationship with Plaintiff. Instead, as alleged by Plaintiff, Defendants were acting in their capacity as law enforcement interacting with the public on the day Plaintiff claims his civil rights were violated. Given the absence of any facts establishing even the possibility of an employment relationship between Plaintiff and Defendants that would satisfy the pleading requirements of Title VII, the Court recommends Plaintiff's Complaint be dismissed with prejudice.

**III.     Order**

IT IS HEREBY ORDERED that Plaintiff's *in forma pauperis* application (ECF No. 1) is GRANTED.

**IV.     Report and Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice as there are no set of facts that Plaintiff can allege that would afford him relief against the named Defendants under Title VII of the 1964 Civil Rights Act.

Dated this 21st day of December, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).