UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEANDRE MORROW,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT POLICE DEPARTMENT; OFFICER THOMPSON, ID #606,<br><br>Defendants. | Case No.: 2:20-cv-02264-JAD-EJY<br><br>**ORDER<br>and<br>REPORT AND RECOMMENDATION**<br><br>RE: ECF No. 1-1 |

Pending before the Court is Plaintiff Deandre Morrow's Amended Complaint (ECF No. 5) alleging two causes of action under 42 U.S.C. § 1983. Specifically, Plaintiff alleges violation of his First Amendment right to freedom of speech and his Fourteenth Amendment right to equal protection under the law. Plaintiff asserts these claims against the Clark County School District Police Department ("CCSDPD") in its official capacity, and CCSDPD Officer Thompson (sometimes "Thompson") in his individual capacity. Plaintiff was granted permission to proceed *in forma pauperis* on December 21, 2020. ECF No. 3. Thus, the Court proceeds with screening Plaintiff's Amended Complaint.

**I.   The Screening Standard**

When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Plaintiff's Amended Complaint

### A. Plaintiff's Claims Against Clark County School District Police Department.

To establish a violation under 42 U.S.C. § 1983, a plaintiff must show that a defendant (1) acting under color of law (2) deprived plaintiff of the rights, privileges or immunities secured by the Constitution or the laws of the United States. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986), *cert. denied* (1987). However, even assuming Plaintiff's Amended Complaint meets this standard, CCSDPD is immune from suit. As explained in *Zeddies v. Clark County School District*, Case No. 2:20-cv-00477-GMN-NJK, 2021 WL 1181172 (D. Nev. Mar. 29, 2021), CCSDPD is a subdivision of Clark County School District and, therefore, not a party properly sued under Section 1983. *Id.* at *4 *citing Tolan v. Hartshorn*, Case No. 3:10-cv-17-ECR-RAM, 2010 WL 5070932, at *3 (D. Nev. Dec. 6, 2010) ("The Reno Police Department is not a separate political subdivision capable of being sued."); *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("The County is a proper defendant in a § 1983 claim, an agency of the County is not."). Thus, the Court will recommend CCSDPD be dismissed with prejudice. The Court will further recommend Plaintiff be granted leave to amend to attempt to state a claim against Clark County. Plaintiff should note that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691 (1978). Instead, a plaintiff must

allege that the action inflicting injury flowed from an explicitly adopted or a tacitly authorized policy. *Id.* at 690-91; *Harris v. City of Roseburg,* 664 F.2d 1121, 1130 (9th Cir.1981).

  B.  <u>Plaintiff's First Amendment Claim Against Thompson</u>.

  Plaintiff's claim against Thompson, in his individual capacity, liberally construed, alleges sufficient facts to state a First Amendment claim. Under the First Amendment, a citizen has the right to be free from governmental action taken to retaliate against a citizen's exercise of First Amendment rights or to deter a citizen from exercising those rights in the future. *Sloman v. Tadlock,* 21 F.3d 1462, 1469-70 (9th Cir. 1994). To demonstrate a First Amendment violation, a citizen plaintiff must provide evidence showing that by his actions the defendant "deterred or chilled [the plaintiff's] political speech, and that such deterrence was [a] substantial or motivating factor in [the defendant's] conduct." *L.F. v. Lake Washington School District #414*, 947 F.3d 621, 626 (9th Cir. 2020) (quoting *Mendocino Env'l Ctr. v. Mendocino County*, 14 F.3d 457, 459-60 (9th Cir. 1994).

  There is no real dispute that Officer Thompson was acting under color of law when he stopped Plaintiff, allegedly ordered him out of the car, and told him to sit quietly on the side of the road or risk arrest and towing of his car. This was an alleged abuse of Thompson's official law enforcement powers that, based on Plaintiff's Complaint, was supposedly in response to Plaintiff asking Thompson (1) why he did not stop white drivers, and (2) if he stopped Plaintiff because he is black. ECF No. 5 at 7. Plaintiff further alleges that when he tried to tell other officers who arrived on the scene that Thompson's conduct was racially motivated, Thompson followed up by allegedly watching Plaintiff, while Thompson's hand remained on his service weapon, and telling Plaintiff to "sit still and shut up." *Id.*

  First, Plaintiff sufficiently alleges he engaged in speech of public concern (racial profiling). *Johnson v. Multnomah County,* 48 F.3d 420, 422 (9th Cir.), *cert. denied,* 515 U.S. 1161 (1995) (plaintiff "must initially prove that his speech was constitutionally protected"; that is, his statements "substantially involved matters of public concern"). Speech involves a matter of public concern when it can fairly be considered to relate to "any matter of political, social, or other concern to the community." *Connick v. Myers,* 461 U.S. 138, 146 (1983). Second, Plaintiff alleges Thompson responded to Plaintiff's speech by repeatedly telling Plaintiff to shut up. ECF No. 5 at 7; *see also*

*Mozzochi v. Borden,* 959 F.2d 1174, 1179 (2nd Cir.1992).  Third, Plaintiff alleges sufficient facts to support an inference that Thompon's conduct was substantially motivated by deterring or chilling Plaintiff's protected speech.  Thus, the Court finds that Plaintiff has, broadly and liberally construed, alleges sufficient facts to state a First Amendment claim at the liberal screening stage of proceedings.

        C.        <u>Plaintiff's Fourteenth Amendment Claim</u>.

Plaintiff's Fourteenth Amendment claim alleges sufficient facts to state a claim against Officer Thompson.  Claims asserting selective enforcement of the law based on considerations such as race are properly brought under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  *Whren v. United States*, 517 U.S. 806, 813 (1996).  Moreover, "[r]acial profiling can constitute a deprivation of a citizen's right to equal protection under the law." *James v. City of Seattle*, 2011 WL 6150567, at *13 (W.D. Wash. Dec. 12, 2011).

In order to allege a claim for racial profiling in violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  When a plaintiff alleges racial profiling was the cause of a traffic stop, "allegations that there could have been no other basis for a motorist to be pulled over other than racial profiling can be sufficient to permit an inference that the motorist's Fourteenth Amendment rights were violated." *Talmadge Adib Talib v. Nicholas*, Case No. CV-14-5871-JAK (DFM), 2015 WL 9598821, at *6 (C.D. Cal. Dec. 4, 2015) (citing *Waters v. Howard Sommers Towing, Inc.*, Case No. CV-10-5296-CAS (AJWx), 2011 WL 2601835, at *6 (C.D. Cal. June 30, 2011)) (denying a motion to dismiss where the plaintiff alleged there was no reason other than racial profiling to justify stop).

Plaintiff claims that Officer Thompson watched numerous white drivers violate traffic laws, but did nothing.  ECF No. 5 at 7.  Plaintiff states many white drivers made illegal u-turns, but he did not.  *Id*.  Plaintiff further states that Thompson stopped him and accused him of making an illegal u-turn when Plaintiff clearly did not do so.  *Id*.  Plaintiff also alleges that Thompson accused him of driving on a suspended license, which Plaintiff says was not true as later allegedly confirmed with the DMV and an individual in CCSDPD.  *Id*.  Thus, while not explicitly stated, Plaintiff alleges that

racial profiling is the only reason for Thompson's traffic stop and accusations. This is sufficient to allow the Court to infer that Plaintiff sufficiently states a violation of his Fourteenth Amendment, Equal Protection Clause rights.

### III.    Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's First and Fourteenth Amendment claims asserted against Officer Thompson, in his individual capacity, shall proceed.

IT IS FURTHER ORDERED that the Clerk of Court shall issue a summons for Officer Thompson and send the same to the U.S. Marshal. The Clerk of Court shall also send one (1) copy of the Amended Complaint (ECF No. 5), and one (1) copy of this Order to the U.S. Marshal for service on Officer Thompson. The Clerk of Court shall also send to Plaintiff one (1) USM-285 forms. Plaintiff shall have until **June 18, 2021** to complete the USM-285 service form and return it to the U.S. Marshal, 333 Las Vegas Blvd. South, Las Vegas, NV, Nevada 89101. The U.S. Marshal shall serve Officer Thompson within **thirty (30)** days of receipt of Plaintiff's completed USM-285.

### IV.    Recommendation

IT IS HEREBY RECOMMENDED that Clark County School District Police Department be dismissed with prejudice because it is not a proper defendant under Plaintiff's 42 U.S.C. § 1983 claims.

IT IS FURTHER RECOMMEND that Plaintiff be granted **one** additional opportunity to amend his complaint to state a cause of action, if he so chooses, in accordance with the direction provided above.

IT IS FURTHER RECOMMENDED that Plaintiff be given through and including **June 18, 2021** to file his Second Amended Complaint. The Court notes that if the above recommendation is accepted, and Plaintiff chooses to file a Second Amended Complaint, the document must be titled "Second Amended Complaint." The Second Amended Complaint must contain a short and plain statement of the grounds for Plaintiff's claims. In addition, Plaintiff is advised that if he files a Second Amended Complaint, the Amended Complaint (ECF No. 5) will no longer serve any purpose in this case. As such, the Second Amended Complaint must be complete in and of itself without reference to prior pleadings or other documents. If Plaintiff wishes to proceed against Thompson,

his Second Amended Complaint must include this claim. The Second Amended Complaint must also allege sufficient facts to state claims against Clark County. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

Dated this 17th day of May, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).