UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEANDRE MORROW,<br><br>        Plaintiff,<br><br>       v.<br><br>CLARK COUNTY SCHOOL DISTRICT POLICE DEPARTMENT; OFFICER THOMPSON, ID #606,<br><br>        Defendants. | Case No.: 2:20-cv-02264-JAD-EJY<br><br>**AMENDED ORDER**[1]<br>**and**<br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff Deandre Morrow's Second Amended Complaint. ECF No. 11 (as filed, titled "Amended Complaint"). Plaintiff was granted permission to proceed *in forma pauperis* on December 21, 2020. ECF No. 3. The Court therefore screens the Second Amended Complaint ("SAC") in accordance with 28 U.S.C. § 1915.

**I.      The Screening Standard**

When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

---

[1]      The only amendment to ECF No. 12 (the Court's October 6, 2021 Order) is the removal of reference to the Nevada Attorney General and the addition of General Counsel for Clark County School District.

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Analysis of Plaintiff's SAC

### A. Plaintiff's First And Fourteenth Amendment Claims Against Clark County Fails As A Matter Of Law.

As previously explained to Plaintiff, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978). ECF No. 7. Instead, to state a claim against Clark County, Plaintiff must allege that the action inflicting injury flowed from an explicitly adopted or a tacitly authorized policy. *Id.* at 690-91; *Harris v. City of Roseburg*, 664 F.2d 1121, 1130 (9th Cir. 1981). Plaintiff may accomplish this in one of three ways. First, Plaintiff can plead that a person or entity with decision-making authority within the municipality expressly enacted or authorized an unconstitutional policy or gave an unconstitutional order. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) ("... municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances"); *Monell*, 436 U.S. at 694 (municipal liability is properly imposed where a policymaker "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"). Second, Plaintiff can demonstrate that his injury was the result of a municipal custom—a practice "so permanent and settled" that it constitutes a "custom or usage" of the municipal defendant. *Monell*, 436 U.S. at 691; *Pembaur*, 475 U.S. at 481-82 n. 10. Third, Plaintiff can allege that a local governmental body has a policy of

inaction and such inaction amounts to a failure to protect constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989).

Here, Plaintiff's SAC alleges the County "failed to properly train supervisors on how to deal with racial[] profiling and racially motivated stops." ECF No. 11 at 8. While Plaintiff states Clark County prohibits such conduct, he also alleges Clark County has not adequately trained officers "to deal with a protected class …." *Id.* Plaintiff further alleges Clark County knows that officers will be confronted by individuals who are members of a protected class, "and that they should not be racially profiling every driver just because they are black." Plaintiff claims that the lack of adequate training caused the violation of his rights when Officer Thompson, and a second officer who is not named as a defendant, did not allow him to "be heard" when they stopped him for a traffic violation.

In order to establish a Section 1983 claim against a municipality based on a failure to train, a plaintiff must show: (1) deprivation of a constitutional right; (2) a training policy that "amounts to deliberate indifference to the [constitutional] rights of the persons with whom [the police] are likely to come into contact"; and (3) that the plaintiff's constitutional injury would have been avoided had the municipality properly trained the officers. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007) (internal citation omitted). To show "deliberate indifference" Plaintiff must, at a minimum, allege that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. While the Court concludes below that Plaintiff states First and Fourteenth Amendment claims against Officer Thompson, Plaintiff's SAC does not contain factual allegations sufficient to allege a *Monell* claim against Clark County based on a failure to train.

Plaintiff's First and Fourteenth Amendment claims are based on racial profiling. *See* ECF No. 11 at 3. However, Plaintiff does not identify any person or entity with decision-making authority within Clark County who expressly enacted or authorized an unconstitutional policy or gave an unconstitutional order pertaining to racial profiling. Plaintiff has offered no facts (as opposed to conclusions) that the practice of racial profiling by Clark County is "so permanent and settled" that it constitutes a "custom or usage" of the County or its police departments. Plaintiff does not allege

that Clark County has a policy of inaction regarding racial profiling amounting to a failure to protect constitutional rights. Plaintiff's allegation is specific to a single event on a single day involving Officer Thompson and him. Plaintiff mentions unspecified police shootings (none in Clark County), and goes on to discuss why he was fearful when stopped. These allegations, however, do not demonstrate such an obvious need for more or different training or that the inadequacy of the training was likely to result in the violation of Plaintiff's constitutional rights such that Clark County's policymakers could reasonably be said to be deliberately indifferent to the need.

In sum, the factual allegations in the SAC fail to state a claim against Clark County based on a violation of Plaintiff's First or Fourteenth Amendment rights. For this reason, the Court recommends dismissal of these claims without prejudice and with leave to amend one more time.

### B. Plaintiff States A First Amendment Claim Against Officer Thompson.

Plaintiff's claim against Officer Thompson, in his individual capacity, liberally construed, alleges sufficient facts to state a First Amendment claim. Under the First Amendment, a citizen has the right to be free from governmental action taken to retaliate against a citizen's exercise of First Amendment rights or to deter a citizen from exercising those rights in the future. *Sloman v. Tadlock*, 21 F.3d 1462, 1469-70 (9th Cir. 1994). To demonstrate a First Amendment violation, a citizen plaintiff must provide evidence showing that by his actions the defendant "deterred or chilled [the plaintiff's] political speech, and that such deterrence was [a] substantial or motivating factor in [the defendant's] conduct." *L.F. v. Lake Washington School District #414*, 947 F.3d 621, 626 (9th Cir. 2020) (quoting *Mendocino Env'l Ctr. v. Mendocino County*, 14 F.3d 457, 459-60 (9th Cir. 1994)).

There is no real dispute that Officer Thompson was acting under color of law when he stopped Plaintiff, allegedly ordered him out of the car, and told him to sit quietly on the side of the road or risk arrest and towing of his car. This was an alleged abuse of Officer Thompson's official law enforcement powers that, based on Plaintiff's allegations, occurred in response to Plaintiff asking Officer Thompson (1) why he did not stop white drivers, and (2) if he stopped Plaintiff because he is black. ECF No. 11 at 6. Plaintiff further alleges that when he tried to tell other officers who later arrived on the scene that Officer Thompson's conduct was racially motivated, Officer

Thompson followed up by allegedly watching Plaintiff while keeping his hand on his service weapon and telling Plaintiff to "sit still and shut up." *Id.*

These allegations are sufficient to support that Plaintiff engaged in speech of public concern (racial profiling). *Johnson v. Multnomah County*, 48 F.3d 420, 422 (9th Cir.), *cert. denied*, 515 U.S. 1161 (1995) (plaintiff "must initially prove that his speech was constitutionally protected"; that is, his statements "substantially involved matters of public concern"). Speech involves a matter of public concern when it can fairly be considered to relate to "any matter of political, social, or other concern to the community." *Connick v. Myers,* 461 U.S. 138, 146 (1983). Plaintiff alleges Officer Thompson responded to Plaintiff's speech by repeatedly telling Plaintiff to shut up. ECF No. 11 at 6; *see also Mozzochi v. Borden*, 959 F.2d 1174, 1179 (2nd Cir. 1992).

Plaintiff's SAC alleges sufficient facts to support an inference that Officer Thompon's conduct was substantially motivated by deterring or chilling Plaintiff's protected speech. Thus, the Court finds that Plaintiff has, broadly and liberally construed, alleged sufficient facts to state a First Amendment claim against Officer Thompson in his individual capacity at the screening stage of proceedings.

   C.  <u>Plaintiff's Fourteenth Amendment Claim Against Officer Thompson</u>.

Plaintiff alleges sufficient facts to state a Fourteenth Amendment claim against Officer Thompson. Claims asserting selective enforcement of the law based on considerations such as race are properly brought under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *Whren v. United States*, 517 U.S. 806, 813 (1996). Moreover, "[r]acial profiling can constitute a deprivation of a citizen's right to equal protection under the law." *James v. City of Seattle*, Case No. C10-1612JLR, 2011 WL 6150567, at *13 (W.D. Wash. Dec. 12, 2011).

In order to allege a claim for racial profiling in violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). When a plaintiff alleges racial profiling was the cause of a traffic stop, "allegations that there could have been no other basis for a motorist to be pulled over other than racial profiling can be sufficient to

permit an inference that the motorist's Fourteenth Amendment rights were violated." *Talmadge Adib Talib v. Nicholas*, Case No. CV-14-5871-JAK (DFM), 2015 WL 9598821, at *6 (C.D. Cal. Dec. 4, 2015) (citing *Waters v. Howard Sommers Towing, Inc.*, Case No. CV-10-5296-CAS (AJWx), 2011 WL 2601835, at *6 (C.D. Cal. June 30, 2011)) (denying a motion to dismiss where the plaintiff alleged there was no reason other than racial profiling to justify a stop).

Plaintiff claims that Officer Thompson watched numerous white drivers violate traffic laws, but did nothing. ECF No. 11 at 6. Plaintiff states many white drivers made illegal u-turns, but he did not. *Id*. Plaintiff further states that Officer Thompson stopped him and accused him of making an illegal u-turn when Plaintiff clearly did not do so. *Id*. Plaintiff also alleges that Officer Thompson accused him of driving on a suspended license, which Plaintiff says was not true as later allegedly confirmed with the DMV and an individual in Clark County School District Police Department. *Id*. at 6-7. Thus, while not explicitly stated, Plaintiff alleges that racial profiling is the only reason for Officer Thompson's traffic stop and accusations. Plaintiff's allegations are sufficient to allow the Court to infer that Plaintiff states a facial violation of his Fourteenth Amendment, Equal Protection Clause rights against Officer Thompson.

### III.  Amended Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's First and Fourteenth Amendment claims asserted against Officer Thompson, in his individual capacity, shall proceed.

IT IS FURTHER ORDERED that the Clerk of the Court **shall serve** a copy of this Amended Order and a copy of Plaintiff's Second Amended Complaint (ECF No. 11) on the Office of the General Counsel for the Clark County School District by U.S. Mail and electronic mail. For delivery by U.S. Mail, the address is: Office of General Counsel, Clark County School District, 5100 W. Sahara Blvd., Las Vegas, Nevada 89146. For delivery by electronic mail, the address is puschpl@nv.ccsd.net. This Amended Order and the delivery of the same does **not** indicate acceptance of service.

IT IS FURTHER ORDERED that subject to the findings of this Amended Screening Order (ECF No. 14), **within twenty-one (21) days of the date of entry of this Amended Order**, General Counsel for the Clark County School District **shall** file a notice advising the Court and Plaintiff of

whether it accepts service for Officer Thompson (ID # 606).  If CCSD's General Counsel's Office does not or cannot accept service on behalf of Officer Thompson, then it **shall** file **under seal**, and not serve Plaintiff, Officer Thompson's last-known-address.  If the last known address of Officer Thompson is a post office box, the General Counsel's Office shall attempt to obtain and provide the last known physical address.

IT IS FURTHER ORDERED that if the General Counsel's Office cannot accept service on behalf of Officer Thompson, Plaintiff **must** file a motion requesting issuance of a second summons with any additional identifying information for this Defendant in Plaintiff's possession.

IT IS FURTHER ORDERED that if the General Counsel's Office accepts service of process for Officer Thompson, such Defendant shall file and serve an answer or other response to the Second Amended Complaint (ECF No. 11) no later than sixty (60) days from the date of this Amended Order.

IT IS FURTHER ORDERED that Plaintiff shall serve upon Officer Thompson or, if an appearance has been entered by counsel, upon his attorney, a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required.  Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

IT IS FURTHER ORDERED that the Court's October 6, 2021 Order (ECF No. 12) is VACATED.

### IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claims against Clark County be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS FURTHER RECOMMENDED that Plaintiff be given one additional opportunity, if he so chooses, through and including **November 15, 2021**, to file a third amended complaint. The Court notes that if the above recommendation is accepted, and Plaintiff chooses to file a third amended complaint, the document **must be titled "Third Amended Complaint**."

IT IS FURTHER RECOMMENDED that this be the final opportunity granted to Plaintiff to file an amended complaint against Clark County.

IT IS FURTHER RECOMMENDED that Plaintiff be advised that the purpose of the opportunity to file a third amended complaint is to provide Plaintiff one more opportunity to attempt to state a claim against Clark County. However, any third amended complaint must be complete in and of itself. The Court cannot refer back to Plaintiff's prior complaints for any purpose when deciding whether the third amended complaint adequately states a claim.

If Plaintiff chooses not to file a third amended complaint, his claims against Officer Thompson will proceed as stated above.

If Plaintiff wishes to proceed against Officer Thompson and attempt to plead a claim against Clark County, his third amended complaint must include sufficient factual allegations to state claims against each defendant.

Dated this 18th day of October, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).